# UNITED STATES DISTRICT COURT

FOR THE **District of** PUERTO RICO

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| EDWIN SANTIAGO-PAGAN<br>A/K/A: "CHIVITO" | Case Number: 99-CR-125-45 (JAF)<br>USM Number: 17559-069 |

**Date of Original Judgment:** 9/11/2000
(Or Date of Last Amended Judgment)

CARMEN CORAL RODRIGUEZ, AFPD
Defendant's Attorney

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

X Modification of Supervision Conditions (18 U.S.C. §§ 3563© or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)
☐ Modification of Imposed Term of Imprisonment, based on parties' agreement.

**THE DEFENDANT:**

X pleaded guilty to count(s) ONE ON 05-17-2000
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21:846 | Conspiracy to possess with intent to distribute more than five kilograms of cocaine and more than one kilogram of heroin. Class "A" felony. | 05-05-99 | ONE |

The defendant is sentenced as provided in pages 2     5     of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ ☐ is ☐ are dismissed by order of the U.S. Court of Appeals.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 30, 2008
Date of Imposition of Judgment

**S/ JOSÉ A. FUSTÉ**
Signature of Judge

JOSÉ A. FUSTÉ, CHIEF, U.S. DISTRICT JUDGE
Name and Title of Judge

June 30, 2008
Date

DEFENDANT: EDWIN SANTIAGO-PAGAN  
CASE NUMBER: 99-CR-125-45 (JAF)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :

84 MONTHS

X  The court makes the following recommendations to the Bureau of Prisons:

Defendant be placed in one of these institutions: 1) Fort Dix, 2) Fairton, 3) Allenwood. Once there, the Court strongly recommends that he be allowed to participate in substance abuse treatment and rehabilitation program under the auspices of the Bureau of Prisons.

X  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

　☐  at _____ ☐ a.m. ☐ p.m. on _____ .

　☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　☐  before 2 p.m. on _____ .

　☐  as notified by the United States Marshal.

　☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By _____  
DEPUTY UNITED STATES MARSHAL

DEFENDANT: EDWIN SANTIAGO-PAGAN
CASE NUMBER: 99-CR-125-45 (JAF)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**\*\*\* FIVE (5) YEARS AND SIX (6) MONTHS \*\*\***

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the probation officer.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or student, as directed by the probation officer. (Check, if applicable.)

\*\*X\*\*   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT: EDWIN SANTIAGO-PAGAN
CASE NUMBER: 99-CR-125-45 (JAF)

# ADDITIONAL SUPERVISED RELEASE TERMS

1. The defendant shall not commit any crimes, federal, state, or local, and shall comply with the standard conditions of Supervised Release promulgated by the United States Sentencing Commission and adopted by this Court.

2. The defendant shall not unlawfully possess any controlled substances, firearms, destructive devices, or other dangerous weapons.

3. The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release, at least two (2) periodic tests thereafter, and whenever requested by the U.S. Probation Officer. If any such samples detect substance abuse, the defendant shall participate in a substance abuse treatment program arranged and approved by the U.S. Probation Office until duly discharged by authorized program personnel with the approval of the U.S. Probation Officer.

4. The defendant shall participate in a vocational training and/or job placement program recommended by the U.S. Probation Officer.

**\*\*\* 5. The defendant shall attend a public, private, or private nonprofit offender rehabilitation program, for domestic violence aggressors, that has been arranged and approved by the U.S. Probation Office, until duly discharged by authorized program personnel with the approval of the U.S. Probation Officer. \*\*\***

**\*\*\* 6. The defendant shall attend a Family Planning course(s) as arranged by the U.S. Probation Office, until duly discharged by authorized program personnel with the approval of the U.S. Probation Officer. \*\*\***

**\*\*\*7. The defendant shall submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions. Failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition. \*\*\***

DEFENDANT: EDWIN SANTIAGO-PAGAN
CASE NUMBER: 99-CR-125-45 (JAF)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS** $ _____   $ _____

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.